**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

KHUZEMA S.,[1]

Plaintiff,

v.

FRANK J. BISIGNANO, Commissioner of Social Security,

Defendant.

Case No.: 3:26-cv-04576-TWR-VET

**ORDER SETTING MANDATORY SETTLEMENT PROCEDURES AND BRIEFING SCHEDULE FOR JUDICIAL REVIEW OF FINAL DECISION OF THE COMMISSIONER OF SOCIAL SECURITY**

On August 10, 2026, Plaintiff filed a Complaint against the Commissioner of Social Security seeking judicial review of the denial of Plaintiff's application for social security benefits. ECF No. 1. Defendant filed the Administrative Record on October 9, 2026. ECF No. 8. Pursuant to Rule 16.1(e)(3) of the Civil Local Rules, an Early Neutral Evaluation and Case Management Conference will not be held in this case. The Court hereby **ENTERS** the following Scheduling Order:

/ / /

[1] Partially redacted in compliance with Civil Local Rule 7.1(e)(6)(b).

## I. MANDATORY SETTLEMENT PROCEDURES

The parties shall engage in good faith settlement negotiations to resolve the matter, according to the following schedule:

1. On or before **October 30, 2026**, Plaintiff shall prepare and deliver by e-mail to the Special Assistant United States Attorney ("SAUSA") representing the Commissioner (or, if no SAUSA is assigned to the case, to the assigned Assistant United States Attorney ("AUSA")) a written and detailed proposal of settlement.

2. On or before **November 20, 2026**, the Commissioner shall evaluate the merits of Plaintiff's contentions and confer with Plaintiff's counsel in writing by mail, e-mail, or facsimile transmission.

3. On or before **December 4, 2026**, one of the following actions shall occur:

   a) The parties shall electronically file a stipulation dismissing, remanding, or otherwise resolving the case; or

   b) The parties shall electronically file a Joint Status Report advising the Court that they have not resolved the matter in settlement discussions.

## II. BRIEFING SCHEDULE FOR JUDICIAL REVIEW OF A FINAL DECISION OF THE COMMISSIONER OF SOCIAL SECURITY

If the parties do not resolve the matter through settlement discussions, the parties shall submit their briefs according to the following schedule and otherwise in accordance with the Federal Rules of Civil Procedure, the Federal Rules of Civil Procedure Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) (the "Supplemental Rules")[2], and the Civil Local Rules for the Southern District of California:

1. Plaintiff shall file an opening brief on or before **January 8, 2027**;

---

[2] The Court "may revise" the time for briefing an action under 42 U.S.C. § 405(g) "when appropriate." *See* Supplemental Rule 8 advisory committee's note on 2022 amendments; *see also* Fed. R. Civ. P. 6(b)(1) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time.").

2. Defendant shall file a responding brief on or before **February 12, 2027**; and

3. Plaintiff may, but is not required to, file a reply brief no later than **February 26, 2027**. All arguments raised for the first time in the reply brief may be deemed waived by Plaintiff and may not be considered by the Court.[3]

**A. General Substance of the Parties' Briefing**

The Court is familiar with the standard of review and the sequential evaluation process, so the parties should avoid boilerplate discussions of the governing legal standards. Rather, the parties should focus on applying relevant and controlling legal authority to the facts germane to the disputed issues. When citing cases, statutes, regulations, Social Security Rulings, medical and vocational reference sources, or other legal authority to support their legal arguments, the parties shall provide complete and accurate citations to the portions of those authorities relied upon. The parties shall also specify the evidence upon which they rely to support their contentions and provide accurate page citations to the administrative record for all evidence relied upon ["AR ___"]. In addition, all medical terminology (including medical conditions, diagnoses, procedures, tests, anatomical references, and pharmaceuticals) shall be defined in terms understandable to a layperson, preferably by citation to a medical dictionary or glossary from a standard reference work. The parties may not supplement the record beyond definition of technical terms. Any issue not raised in the opening brief may be deemed to have been waived.

/ / /

/ / /

---

[3] *See Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990) ("It is well established in this circuit that the general rule is that appellants cannot raise a new issue for the first time in their reply briefs.") (citation and internal quotation marks omitted); *Thrasher v. Colvin*, 611 F. App'x 915, 918 (9th Cir. 2015) (finding Social Security claims waived when raised for the first time in a reply brief) (citing *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999)); *Carter v. Astrue*, 413 F. App'x 899, 906 (9th Cir. 2011) (same); *Dorothy B. v. Kijakazi*, No. CV 20-9594-PLA, 2021 U.S. Dist. LEXIS 193315, at *15–16 (C.D. Cal. Oct. 6, 2021) (same).

**B. Format of The Opening and Responding Briefs**

The opening and responding briefs shall be prepared substantially in the following format:

1. Summary of the Case

Plaintiff shall provide a brief summary of the relevant background facts and procedural history. The Commissioner need not respond to Plaintiff's summary, unless the Commissioner believes that Plaintiff's summary misstates, mischaracterizes, or omits any material facts or proceedings.

2. Medical Evidence

Plaintiff shall state whether Plaintiff will stipulate that the Administrative Law Judge's ("ALJ") decision fairly and accurately summarizes the material medical evidence and testimony of record. If not, Plaintiff shall either (a) specify the respects in which Plaintiff contends the ALJ's decision misstates, mischaracterizes, or omits any of the material medical evidence and/or testimony of record, or (b) state that the contentions of misstatement, mischaracterization, or omission are addressed in the Plaintiff's opening brief.

The Commissioner shall state whether the Commissioner will stipulate that the ALJ's decision fairly and accurately summarizes the material medical evidence and testimony of record. If not, the Commissioner shall either (a) specify the respects in which the Commissioner contends that the ALJ's decision misstates, mischaracterizes, or omits any of the material medical evidence and/or testimony of record, or (b) state that the contentions of misstatement, mischaracterization, or omission are addressed in the responding brief.

3. Statement of Disputed Issues

Plaintiff must identify and frame, in a neutral fashion, each of the disputed issues that Plaintiff is raising as grounds for reversal and/or remand. For example: "Issue No. 1 – Whether the ALJ properly evaluated Plaintiff's subjective symptom testimony."

/ / /

4. Issues and Contentions

The parties' respective positions and contentions as to each disputed issue shall be presented in a streamlined fashion, as follows:

**Issue No. 1** [The heading shall conform to the first issue listed in the Statement of Disputed Issues.]

(a) In the opening brief, Plaintiff shall concisely set forth Plaintiff's contentions (including citations to the page(s) of the administrative record where cited evidence is found, complete citations to relevant legal authority, and definitions of medical terminology).

(b) In the responding brief, the Commissioner shall concisely set forth the Commissioner's contentions (including citations to the page(s) of the administrative record where cited evidence is found, complete citations to relevant legal authority, and definitions of medical terminology).

(c) Plaintiff may, but is not required to, reply to the contentions raised by the Commissioner.

**Issue No. 2, etc.** [Repeat the foregoing format as needed for each disputed issue.]

5. Relief Requested

The parties shall each provide a concise statement of the relief requested in their respective opening and responding briefs.

6. Residual Considerations

All briefs must otherwise conform with Civil Local Rules 5.1 and 7.1. Unless otherwise ordered, the matter shall be deemed submitted for decision without oral argument. The deadlines set forth in this Order are designed to give sufficient time to perform the required acts with the exercise of reasonable diligence and in accordance with the Supplemental Rules. **Accordingly, requests for extensions of time are discouraged**. Any motion requesting an extension of the deadline set forth in this Order should be filed

as early as practicable and in no event **less than fourteen (14) days** in advance of the deadline and otherwise in compliance with the undersigned's Civil Chambers Rules (available on the Court's website).

**IT IS SO ORDERED**.

Dated: October 9, 2026

Honorable Valerie E. Torres
United States Magistrate Judge